**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| IN RE: AQUEOUS FILM-FORMING FOAMS PRODUCTS LIABILITY LITIGATION | MDL No. 2:18-mn-2873-RMG <br><br> **This Document relates to:** <br><br> *Speers, et al. v. 3M Co., et al.*, No. 2:21-cv-03181-RMG <br> *Donnelly v. 3M Co., et al.*, No. 2:20-cv-00209-RMG <br> *Voelker v. 3M Co., et al.*, No. 2:18- cv-03438-RMG |

**MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS
E. I. DU PONT DE NEMOURS AND COMPANY, CORTEVA, INC., DUPONT DE NEMOURS, INC., THE CHEMOURS COMPANY, AND
THE CHEMOURS COMPANY FC, LLC**

E. I. du Pont de Nemours and Company, The Chemours Company, and The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc.[1], bring this motion for summary judgment on all claims brought by the Group A, Tier II Plaintiffs. These Defendants are referred to as "DuPont" herein.

## INTRODUCTION

DuPont has never manufactured nor sold aqueous film-forming foam (AFFF).  And at no time has DuPont used the electrochemical fluorination ("ECF") process to manufacture these products. *Id.* at 19-20. No allegation in this litigation related to PFOS, PFHxS, or branched PFOA (which results from the ECF process) contamination applies to DuPont.

Summary judgment in favor of DuPont is warranted because: (1) Plaintiffs cannot identify a defective DuPont product that was a substantial cause of their injuries; (2) DuPont is shielded from liability under the government contractor defense; and (3) DuPont did not sell AFFF and instead sold component parts to sophisticated intermediaries who had the same knowledge of PFOA as DuPont.

---

[1] Plaintiffs' claims against Corteva, Inc. and DuPont de Nemours, Inc. are derivative of the claims against EIDP, Inc. and Chemours.

[2] All DX references are to documents identified in and appended to DuPont's Individual Exhibit list. All JX references are to documents identified in and appended to the Joint Exhibit List filed separately on behalf of all Defendants today.

**ARGUMENT**

I. **Plaintiffs' Claims Fail Because Plaintiffs Fail to Identify a Defective DuPont Product that Caused Their Injuries.**

To prevail against DuPont on any claim, Plaintiffs must prove that DuPont *specifically* caused their harm. *See* Tyco MSJ at 11-13; BASF/Ciba MSJ at 8-9.[3] In cases where there are multiple defendants, Pennsylvania law mandates that the plaintiff must establish that each defendant's product was a substantial factor in causing his cancer by quantifying his exposure to each defendant's product. *In re Asbestos Prods. Liab. Litig. (No. VI)*, 801 F. Supp. 2d 342, 346 (E.D. Pa. 2011). Further, to prevail on their claims, Plaintiffs must prove that the defendant's *specific* product was a substantial factor in producing the alleged harm. *See, e.g.*, *Eckenrod v. GAF Corp.*, 544 A.2d 50, 52-53 (Pa. Super. Ct. 1988); *Gregg v. V-J Auto Parts, Inc.*, 943 A.2d 216, 226-27 (Pa. 2007). As such, to succeed, Plaintiffs must demonstrate both exposure to DuPont's products and that DuPont's products were a substantial cause of their injuries. This Plaintiffs fail to do.

   A. **Plaintiffs Have Not Proven Exposure to Specific DuPont Products.**

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ As noted in Tyco's MSJ, Plaintiffs' experts concede both that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

---

[3] DuPont specifically incorporates by reference the facts and arguments detailed in Tyco and BASF/Ciba's individually filed Motions for Summary Judgment, filed this same day.

3

███████████████████ In other words, Plaintiffs concede that the ██████ ███ used at the bases was *not* defective. Because Plaintiffs have no claim that ████████ was defective, they necessarily have no claim that ████████████████ ████████████████████ was defective. Plaintiffs accordingly lack any basis to argue that DuPont substantially contributed to Plaintiffs' injuries vis-à-vis ████████.

Similarly, Plaintiffs are unable to identify a ████████████████ that substantially contributed to any Plaintiffs' injuries. It is undisputed that ████████ ████████████████████████████████████████████████ Plaintiffs do not allege that ████████████████████████████████████████ ██████████ Therefore, no ████████████████████████████ present at Warminster, and no Plaintiff claiming exposure from that base has a claim against DuPont regarding its ████████.

Regarding Willow Grove, Plaintiffs cannot prove that any ████████████ was present in any ████████████████ used at that base during the relevant time period. ██ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ Plaintiffs provide no reliable expert testimony detailing whether the ████████████ that allegedly contributed to their injuries from Willow Grove was made with ████████ ████████. Without analyzing that issue, Plaintiffs have not proven that they suffered an injury

4

from ▮▮▮▮▮▮▮▮▮. Plaintiffs' failure to provide reliable expert testimony on this topic means that linking DuPont products to the AFFF used at Willow Grove is pure speculation, which is insufficient as a matter of law.[5]

### B. Plaintiffs' Claims Fail Because They Do Not Specify Whether PFOS or PFOA, Alone, Was a Substantial Contributing Cause of Their Injury.

To prove their claims against DuPont, Plaintiffs must prove that telomer PFOA that allegedly degraded from a telomer AFFF made with one of the DuPont products at issue substantially contributed to their injuries. They come nowhere close to meeting that burden.

Plaintiffs' experts claim only that Plaintiffs' injuries were caused by exposure to PFOS *and* PFOA. *See* Tyco MSJ at 12 (quoting testimony from Dr. Bahnson who states only that an individual plaintiff's "exposure to PFOS and PFOA was a substantial contributing factor" to that plaintiff's injury and Dr. MacIntosh who opined only that AFFF generally was a substantial cause of Plaintiffs' injuries). No expert assessed the contribution of PFOS versus ECF PFOA versus telomer PFOA to each Plaintiff's injury, despite the fact that DuPont, for example, cannot be liable for any harm allegedly emanating from either PFOS or ECF PFOA. Plaintiffs' experts failed even to assess whether PFOA *alone* could have contributed to Plaintiffs' cancers, much less whether PFOA degrading specifically from a DuPont product alone could have contribute to Plaintiffs' cancers. *See* Tyco MSJ at 12-13. As none of Plaintiffs' experts have opined that a DuPont product

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[5] This issue is particularly notable, as Tyco notes in its MSJ, for Mr. Donnelly. *See* Tyco's MSJ at 13. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Plaintiffs present no evidence that Forafac products manufactured after DuPont purchased Atofina were a substantial contributing factor to his cancer, which was diagnosed just three years later.

5

specifically was a substantial contributor in causing any Plaintiff's injuries, Plaintiffs have not proven causation and summary judgment is proper.

## II. DuPont Is Entitled to Summary Judgment under the Government Contractor Defense.

DuPont is also entitled to summary judgment under the government contractor defense and incorporate by reference Tyco and BASF/Ciba's prior briefing on the subject, *see* Dkt. Nos. 1965-1, 2141, 2346, 2348, 2438; Tyco MSJ at 6-11; BASF/Ciba MSJ at 10-11.

*Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988) requires that DuPont must lack *actual* knowledge of any potential defect. *See Getz v. Boeing Co.*, 654 F.3d 852, 865 (9th Cir. 2011); *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 436 (5th Cir. 2000). The DuPont products at issue were never manufactured using PFOA nor was PFOA an ingredient. And before 3M exited the AFFF market, DuPont had no actual knowledge ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And, as with Tyco, the military's knowledge of any hazards associated with AFFF exceeded DuPont's at the relevant time. *See* Tyco's MSJ at 10 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

## III. Plaintiffs Cannot Prevail on Any Failure-to-Warn Theory Because DuPont Had No Duty to Warn.

It is undisputed that DuPont never manufactured nor sold AFFF to any party. DuPont only manufactured a component, which it sold down the stream of commerce, never having control over the final product, which was formulated, labeled, packaged, and distributed by third parties. Tyco's

6

MSJ at 19-23. As a practical matter, manufacturers in this situation may rely on sophisticated users or intermediaries to supply applicable warnings to end users. *Phillips v. A.P. Green Refractories Co.*, 630 A.2d 874, 882 (Pa. Super. 1993) (quoting Restatement (Second) of Torts § 388 (1965) cmt. *n*) (adopting the "sophisticated user doctrine" and finding that the "duty to warn is discharged by providing information about the product's dangerous propensities to a third person upon whom it can reasonably rely to communicate the information to the ultimate users of the product or to those who may be exposed to its hazardous effects.").[6]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendants vigorously dispute this characterization and will renew their prior motion in limine arguments as to this if the case against them proceeds forward. However, accepting Plaintiffs' allegations as true for purposes of this motion, if the entire industry shared the same base of knowledge as of 2001, Plaintiffs cannot argue that DuPont—whose products allegedly were used only in and after 2002—unreasonably relied on AFFF Manufacturers to warn ultimate users about any alleged potential dangers. DuPont is entitled to judgment on Plaintiffs' failure-to-warn claims for that reason as well.

---

[6] *But see Amato v. Bell & Gossett*, 116 A.3d 607, 624 (Pa. Super. 2015) (finding that the language in *Phillips* adopting the sophisticated user doctrine was *dicta*); *Chin v. New Flyer of Am., Inc.*, 169 A.3d 689, 702 (Pa. Comm. Ct. 2017). The Pennsylvania Supreme Court has not clarified whether the sophisticated user doctrine is applicable in Pennsylvania. The fact that Pennsylvania intermediate courts have declined to expand the sophisticated user doctrine is of no consequence because Pennsylvania intermediate appellate courts are constrained to apply existing law. *See Commonwealth v. Fuentes*, 272 A.3d 511, 521 (2022) (citing *Bell v. Willis*, 80 A.3d 476, 479 (Pa. Super. 2013) ("As an intermediate appellate court, [it] is obligated to follow the precedent set down by our Supreme Court. It is not the prerogative of an intermediate appellate court to enunciate new precepts of law or to expand existing legal doctrines. Such is a province reserved to the Supreme Court.") (citation omitted).

**CONCLUSION**

For the reasons stated herein, E. I. du Pont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc. are entitled to summary judgment on all claims.

Respectfully submitted,

Dated: June 17, 2025         By: */s/ Brent Dwerlkotte*
**SHOOK, HARDY & BACON LLP**
Brent Dwerlkotte
Amy M. Crouch
Jennifer E. Hackman
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

dbdwerlkotte@shb.com
amcrouch@shb.com
jhackman@shb.com


**HOOD LAW FIRM, LLC**
Molly H. Craig (6671)
James B. Hood (9130)
Virginia Rogers Floyd (12212)
172 Meeting Street
Post Office Box 1508
Charleston, SC 29402
Phone: (843) 577-4435
Facsimile: (843) 722-1630
molly.craig@hoodlaw.com
james.hood@hoodlaw.com
virginia.floyd@hoodlaw.com

*Counsel for Defendants E.I. Du Pont De Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc, and DuPont de Nemours, Inc.*

## **CERTIFICATE OF SERVICE**

I certify that on June 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record in this case via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Brent Dwerlkotte*
Brent Dwerlkotte
